ALANSON FOLSOM *vs.* JOB H. MANCHESTER & wife.

In an action of trover against a husband and wife for a watch delivered by the plaintiff to the woman, the defence was that the plaintiff gave her the watch either for her own, or to induce her to commit a crime. The judge ruled that if the jury were not satisfied upon the evidence of either of these defences, and if the plaintiff demanded the watch of the wife and she refused to deliver it, the plaintiff could recover. *Held*, that the demand and refusal were sufficient *primâ facie* evidence of a conversion, although it did not positively appear that the wife had possession of the watch at the time of such demand and refusal, as there was no legal presumption that the watch was then in the husband's possession or under his control.

Jurors cannot be allowed to testify what one of their number stated to his fellows, after they had retired for deliberation, concerning the character of the parties to the suit.

TROVER for a watch. At the trial in the court of common pleas, the plaintiff called a witness, from whose testimony it appeared that before and up to Saturday the 19th July, the

watch in question was the property of the plaintiff; that on that day it was delivered by the plaintiff to Mrs. Manchester at a private interview between them at the house of the witness, and that on the Monday following, the 21st July, the plaintiff demanded the watch of Mrs. Manchester, and that she refused to deliver it to him. The defendants did not deny that the watch formerly belonged to the plaintiff; but contended, first, that at said interview said watch was given by the plaintiff to Mrs. Manchester; and, secondly, that he then and there let her have the possession of the watch with intent thereby to induce her to have criminal intercourse with him. The court instructed the jury that to maintain his action, the plaintiff must prove that he was the owner of the watch, and that at the time of the demand he had a right to its possession, and also that the defendants had converted it to their own use ; and as to a conversion, it would be sufficient to show it, if the plaintiff, having a right to its possession, demanded the watch of Mrs. Manchester, and she refused to deliver it to him. The court also further instructed the jury that if the plaintiff gave the watch to Mrs. Manchester at said interview, it became her property, and the plaintiff could not thereafterwards reclaim it or recover its value; and also, that if the plaintiff at said interview let Mrs. Manchester have the watch, to induce her thereby to have criminal intercourse with him, he could not thereafterwards insist upon its return, or maintain an action of trover against her for its value. And the court further instructed the jury in reference to the beforementioned circumstances and the evidence in the case, that if they were satisfied that the watch belonged to the plaintiff at the time of said private interview, and that he demanded it of Mrs. Manchester on the Monday following, and that she then refused to deliver it to him, he would be entitled to recover, unless the jury were convinced upon a consideration of the whole evidence before them, either that the plaintiff gave Mrs. Manchester the watch, or let her have the possession of it to induce her to have such criminal intercourse as aforesaid with him. The jury returned a verdict for the plaintiff. To this last ruling and instruction of the court, the defendants excepted

They also moved for a new trial, the grounds of which sufficiently appear in the opinion of the court.   This motion was overruled, and the defendants excepted to such ruling.

B. F. Butler, for the defendants.

A. R. Brown, for the plaintiff.

METCALF, J.   One question only is open to the defendants on these exceptions; to wit, whether the last instruction of the court to the jury was correct.   That instruction was, that if the jury were satisfied that the watch belonged to the plaintiff at the time of the interview between him and the female defendant, on Saturday, and that he demanded it of her on Monday, and that she then refused to deliver it to him, he would be entitled to recover, unless the jury were convinced, upon a consideration of the whole evidence before them, either that he gave her the watch, or let her have the possession of it to induce her to commit a crime.   This instruction, it is to be kept in mind, was in addition to other instructions, which were not excepted to, and is, therefore, to be taken in connection with them, and not as standing alone.   Among those other instructions was the following: " That to maintain his action, the plaintiff must prove that he was the owner of the watch, and that, at the time of the demand, he had a right to its possession ; and also, that the defendants had converted it; and as to conversion, it would be sufficient to show it, if the plaintiff, having a right to its possession, demanded the watch of Mrs. Manchester, and she refused to deliver it to him."   Putting all these instructions together, we see no error or defect in them.

The defendants object to the last instruction, that demand and refusal are not sufficient evidence of a conversion, unless the party on whom the demand is made, has the custody of the property demanded, and the power, at the time of the demand, to deliver it, and whose duty it is to do so; that the evidence does not show that the female defendant had possession of the watch, or that it was within her control, when the plaintiff demanded it; and that the legal presumption is, that it was in her husband's possession and under his control.

In the absence of other evidence that the watch was con-

Folsom *v.* Manchester & wife.

verted by Mrs. Manchester, a demand on her and a refusal by her to deliver it, were necessary, in order to prove a conversion. Proof of such demand and refusal was, *primâ facie,* sufficient to show a conversion. 10 Co. 56, 57. And unless other circumstances appeared, either from the evidence introduced by the plaintiff himself, or from that introduced by the defendants, showing that there was not a conversion, the jury rightly found for the plaintiff. No such circumstances appeared in this case. The testimony was, that the plaintiff demanded the watch of Mrs. Manchester, and that she "refused" to deliver it. It did not appear, and she did not even allege, at the time of the demand, that she could not, for any reason, restore it to the plaintiff. Nor is there any legal presumption that the watch was then in her husband's possession or under his control. The jury were, therefore, rightly instructed as to the sufficiency of the evidence to prove a conversion. 3 Steph. N. P. 2685, 2689 ; 2 Gale & Dav. 545 ; 16 Conn. 84.

The defendants have also moved for a new trial, because the court refused to hear testimony, from some of the jurors who tried the case, concerning what one of their number stated to his fellows, after they had retired from the court room, respecting the characters of the parties to this suit. There is reason for doubt whether such a statement so made would, if proved by competent testimony, be a good cause for setting aside the verdict and granting a new trial. See *Purinton* v. *Humphreys,* 6 Greenl. 379, and *Price's Executor* v. *Warren,* 1 Hen. & Munf. 385. But if it would be, it must be on the ground of the misbehavior of the jury, or of some of them ; and evidence of misbehavior of a jury cannot be received from the jurors themselves. Graham on New Trials, 111, and seq., *Clum* v. *Smith,* 5 Hill, 560 ; *Lessee of Cluggage* v. *Swan,* 4 Binn. 150. A contrary decision was made in *Grinnell* v. *Phillips,* 1 Mass. 530, by a divided court ; but that decision is overruled. In *Murdock* v. *Sumner,* 22 Pick. 156, the chief justice declared the rule to be inflexible, that affidavits of jurors will not be received to show misconduct or irregularity on the part of the jury or any of them. And so the court have decided since. *Cook* v. *Castner,* 9 Cush. 278. The same

reason, which excludes the affidavits of jurors, must exclude their oral testimony. See *Straker* v. *Graham*, 4 Mees. & Welsb. 721, and Horn & Hurlst. 559 ; *Burgess* v. *Langley*, 6 Scott N. R. 518, and 5 Man. & Grang. 722.

The exceptions, and also the motion for a new trial, are overruled, and judgment is to be entered on the verdict for the plaintiff. *Judgment on the verdict.*